**Cochran v. Biggs**

*John W. Phillips,* for plaintiffs.

*Daniel E. Teeter,* for defendants.

MacPHAIL, P. J., July 24, 1972.—In this action, plaintiffs have filed preliminary objections to defendants' answer containing new matter.

From the pleadings, we ascertain that plaintiffs claim to be "landlords" of certain real estate which they orally leased to defendants for an unspecified period of time. In exchange for the privilege of occupation of the real estate, plaintiffs allege that defendants agreed to oversee camp grounds of which the leased premises was a part. Plaintiffs gave defendants a notice to quit the premises and when defendants failed to surrender possession thereof, plaintiffs instituted a landlord-tenant proceeding under Rules of Justice of the Peace 501, et seq. The justice of the peace before whom the suit was instituted found in plaintiffs' favor and defendants appealed. Thereupon, plaintiffs filed a complaint to which defendants answered.

Defendants deny that there was any lease and further allege that there was an oral agreement between the parties by the terms of which the camp ground was to be operated as a partnership and that later a corporation was formed for the purpose of operating the camp ground. Defendants allege that plaintiffs agreed to convey the premises in controversy here to the new corporation, in which both plaintiffs and defendants are shareholders and officers, but have since refused and neglected to do so. Defendants allege that plaintiffs are not "landlords" and defendants are not "tenants" by reason of the alleged agreement of the parties.

In their preliminary objections, plaintiffs contend that defendants are estopped to contest the title of plaintiffs. While defendants' answer does state in paragraph 4(a) that East Calvary Kampground, the corporation previously mentioned herein, is the "equitable" owner of the real estate, a reading of defendants' answer in its entirety is not so much a question of ownership of the real estate as it is the question of whether any lease agreement or landlord-tenant relationship ever existed between the parties to this suit.

We agree with plaintiffs that defendants are estopped from raising the alleged equitable title of the corporation in this matter. Equitable title is a title which is recognized by a court of equity but not by a court of law: Ladner on Conveyancing in Pennsylvania, 3rd Ed., sec. 2:09, p. 34. Equitable title is the right to title but that right can be enforced only in equity. Moreover, both the rules of the justice of the peace and the provisions of the Landlord and Tenant Act of April 6, 1951, P. L. 69, as amended, 68 PS §250.101, et seq., to the extent said act may be applicable to landlord-tenant proceedings subsequent to the enactment of the rules of the justice of the peace, specifically provide a method by which the tenant must proceed if he desires to dispute the landlord's title. This has not been done by defendants and, therefore, they cannot raise the issue in this proceeding. Accordingly, we hold that the issue of title to the real estate and defendants' claims with respect thereto may not be tried in the within cause.

However, to the extent that defendants' answer challenges the existence of a lease or landlord-tenant relationship by reason of alleged oral agreements between the parties which, if true, would negate such

a relationship, defendants' answer must be permitted to stand.

## ORDER OF COURT

And now, July 24, 1972, plaintiffs' motion to strike is sustained as to paragraphs 3(b) and 5(a) of the answer and as to all other parts of the answer which allege legal or equitable title in anyone other than plaintiffs. All other preliminary objections are denied. Defendants shall have 20 days from this date to file an amended answer.